IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:11-CR-172-MEF |
| | ) | |
| ARMANDO CORTEZ | ) | (WO—Publish) |

**O R D E R**

Before the Court is Defendant Armando Cortez's Request for Drug Rehabilitation Services (Doc. #46) filed on March 18, 2013. Mr. Cortez is a federal prisoner who has applied to be placed in the Residential Drug Abuse Treatment Program ("RDAP") of the Federal Bureau of Prisons ("BOP"), an agency within the United States Department of Justice. On March 9, 2013, Mr. Cortez's application was denied by the BOP upon a finding that he did not qualify for the program due to the lack of verifying documentation in his Presentence Investigative Report ("PSR") "of a pattern of substance abuse within the 12-month period prior to [his] arrest." (Doc. #46-1.) The BOP further stated that Mr. Cortez is "encouraged to volunteer for non-residential drug treatment." (Doc. #46-1.)

In his instant request, Mr. Cortez moves the Court to reverse the BOP's decision on his application and to order that he be placed in the RDAP. (Doc. #46.) In support of this request, Mr. Cortez attaches an excerpt from his PSR that includes a passage recommending that he be incarcerated in a facility where drug treatment programs are available. (Doc. #46-2.) The PSR did not include a recommendation for a specific type of drug treatment program, like the RDAP, and it also states that Mr. Cortez "admitted prior use of drugs but not current." (Doc. #46-2.)

Regardless of the merits of Mr. Cortez's request, the Court is without authority to reverse

the BOP's decision concerning Mr. Cortez's eligibility for the RDAP. Judicial review is precluded under the Administrative Procedure Act ("APA") of an individual placement decision by the BOP. 18 U.S.C. § 3625 (stating that the APA's provisions for judicial review of agency action "do not apply to the making of any determination, decision, or order under" Title 18's provisions governing imprisonment); *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (stating that § 3625 precludes judicial review of the BOP's adjudicative decisions, although it does not preclude review of the BOP's rule-making decisions). In *United States v. King*, the Fifth Circuit specifically held in an appeal of a district court decision similar to this one that "the decision whether a prisoner receives treatment for substance abuse is left to the discretion of the Bureau of Prisons, and, therefore, it was beyond the district court's authority to order his participation in a drug treatment program while incarcerated." 101 Fed. App'x 958, 959 (5th Cir. 2004) (citing 18 U.S.C. § 3621(b)). Without authority to reverse the BOP's decision, the Court must deny Mr. Cortez's request.

While the Court hopes that Mr. Cortez will participate in one of the many voluntary, non-residential drug treatment programs available within the BOP, it is hereby ORDERED that Defendant Armando Cortez's Request for Drug Rehabilitation Services (Doc. #46) is DENIED.

DONE this the 6th day of June, 2013.

                                            /s/ Mark E. Fuller
                                  UNITED STATES DISTRICT JUDGE